

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

DANIEL M. ORTNER
Assistant Solicitor General

(512) 936-1896
Daniel. Ortner@oag.texas.gov

April 7, 2026

Via CM/ECF

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

**Re:** *La Union del Pueblo Entero v. Abbott*, No. 25-50246—decision in *La Union del Pueblo Entero v. Abbott*, No. 24-50783, 167 F.4th 743 (5th Cir. 2026)

Dear Mr. Cayce:

This Court recently issued a decision in related appeal *La Union del Pueblo Entero v. Abbott*, No. 24-50783, 167 F.4th 743 (5th Cir. 2026) (*LUPE V*). While that appeal concerned Plaintiffs-Appellees' claim that S.B.1's prohibition on vote harvesting violated the First Amendment, many of the Court's conclusions regarding the importance of the State's interest in preventing voter fraud are relevant here.

In *LUPE V*, this Court concluded that the vote-harvesting ban satisfied even strict scrutiny because Texas has "a compelling interest in preventing fraud by enacting vote harvesting restrictions" as well as "in preserving the integrity of its election process" and protecting the "right to cast a ballot in an election free from the taint of intimidation and fraud." *Id.* at 761-62 (internal citations omitted). Texas's law is narrowly tailored in furtherance of that interest because it "prevent[s] the pressure and intimidation common in third-party ballot collection," and "no other law addresses Texas's legitimate interest." *Id.* at 762-63. (internal citations omitted).

That the challenged provision satisfies even strict scrutiny demonstrates that the district court in this case erred in concluding that Plaintiff's demand that the

Page 2

provision be enjoined was a reasonable modification of the law and did not constitute a fundamental alteration or impose an undue burden on the State's interest in enforcing election-security measures. *See* State App. Br. at 42-47; State App. Reply Br. at 17-23.

Additionally, the Court in *LUPE V* reiterated that the Secretary of State is not "a proper party defendant for challenging" the vote-harvesting provision since she lacks any enforcement connection. 167 F.4th at 764 (citing *La Union del Pueblo Entero v. Nelson*, 163 F.4th 239, 263–67, 270–75 (5th Cir. 2025)). The same is true in this case, with regard to Plaintiffs' ADA challenge against the vote-harvesting provision, and the district court erred by refusing to dismiss Plaintiffs' ADA claims against the Secretary under this section for lack of standing.

Respectfully submitted,

/s/ Daniel M. Ortner

Daniel M. Ortner
Assistant Solicitor General

cc: all counsel of record (via CM/ECF)