April 9, 2026

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

> Re: *Response to Rule 28(j) Letter in* La Unión del Pueblo Entero v. Abbott, *No. 24-50246*

Dear Mr. Cayce:

*LUPE V* was decided two months ago. The Secretary's April 7 letter did not "promptly advise" the Court about it. FRAP 28(j).

*LUPE V* concerned First Amendment challenges to S.B.1's Section 7.04, TEC §276.015, which prohibits "vote harvesting" by broadly criminalizing interactions between compensated canvassers and voters. 167 F.4th 743, 753-754 (5th Cir. 2026). Under the interest-balancing test required by those constitutional challenges, this Court determined that Texas's interest in promoting election integrity was sufficient for Section 7.04 to survive strict scrutiny. *Id*. at 761-764.

This appeal, in contrast, does not involve constitutional claims or interest-balancing analysis. It involves the determination that Section 7.04—and other S.B.1 provisions that *LUPE V* did not address—violate Title II of the ADA by denying Texans with disabilities meaningful access to Texas's voting programs. ROA.40931-40933; *see, e.g.*, *Luke v. Texas*, 46 F.4th 301, 305 (5th Cir. 2022). Plaintiffs proved their ADA claims at trial, *see* Pls.Opp.Br. 11-25, including that Section 7.04 as administered has forced community organizations to stop assisting disabled Texans and diminished disabled Texans' ability to access mail-ballot voting. ROA.40927-40931.

No aspect of this ADA appeal turns on Texas's asserted "compelling interest … in preventing fraud." *LUPE V*, 167 F.4th at 761-762. The injunction against Section 7.04 left in place numerous existing prohibitions on fraudulent activity, and the Secretary failed below to prove, with "specifics," that this modification nevertheless amounts to a "fundamental alteration" of the state's voting program. Pls.Opp.Br. 69-78 (quoting *Johnson v. Gambrinus Co. Spoetzl Brewery*, 116 F.3d 1052, 1059-60 (5th Cir. 1997).

Texas can and must secure its elections without violating the ADA. Even if the injunction here otherwise impinged on any legitimate election-security aims, that

would at most be reason to remand for a more tailored remedy after affirming the District Court's fact-bound ADA liability determination.  Pls.Opp.Br. 80-81.[1]

Respectfully Submitted,

Victor Genecin
Kathryn Sadasivan
Breanna Williams
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
vgenecin@naacpldf.org
ksadasivan@naacpldf.org
bwilliams@naacpldf.org

Kelly Gardner
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
260 Peachtree Street NW, Suite 2300
Atlanta, GA 30303
(404) 590-0885
kgardner@naacpldf.org

Shira Wakschlag
Evan Monod
THE ARC OF THE
UNITED STATES, INC.
2000 Pennsylvania Ave NW,
Suite 500
Washington, DC 20006
(202) 534-3708
wakschlag@thearc.org
monod@thearc.org

J. Michael Showalter
Duncan Weinstein

/s/ Ari J. Savitzky
Ari Savitzky
Dayton Campbell-Harris
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 284-7334
asavitzky@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Brian Dimmick
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800
bdimmick@aclu.org
acepedaderieux@aclu.org

Thomas Paul Buser-Clancy
Ashley Alcantara Harris
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146
tbuser-clancy@aclutx.org
aharris@aclutx.org

Zachary Dolling

---

[1] The Secretary briefly refers to *LUPE V*'s discussion of sovereign immunity, but of course the Secretary is not immune from ADA liability.  The Secretary's arguments are otherwise already addressed in Plaintiffs' brief.  *See* Pls.Opp.Br. 80-81.

ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
(312) 258-5561
j.michael.showalter@afslaw.com
duncan.weinstein@afslaw.com

Derek Ha
ARENTFOX SCHIFF LLP
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
(415) 757-5500
derek.ha@afslaw.com

Elissa Gershon
Megan A. Rusciano
CENTER FOR PUBLIC
REPRESENTATION
5 Ferry Street #314
Easthampton, MA 01027
(413) 586-6024
egershon@cpr-ma.org
mrusciano@cpr-ma.org

Leah J. Tulin
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 650-6397
tulinl@brennan.law.nyu.edu

Sean Morales-Doyle
Jasleen K. Singh
Patrick A. Berry
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
morales-doyles@brennan.law.nyu.edu
singhj@brennan.law.nyu.edu
berryp@brennan.law.nyu.edu

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
(512) 474-5073
zachary@texascivilrightsproject.org

Peter Thomas Hofer
Christopher McGreal
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, TX 78758
(512) 454-4816
phofer@drtx.org
cmcgreal@drtx.org

Nina Perales
Antonio DelGrande
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476
nperales@maldef.org
adelgrande@maldef.org

Zachary Tripp
Aaron J. Curtis
WEIL, GOTSHAL &
MANGES, L.L.P.
767 5th Avenue
New York, NY 10153
(212) 310-8901
zack.tripp@weil.com
aaron.curtis@weil.com

*Counsel for Plaintiffs Appellees*

Cc: all counsel via ECF

## CERTIFICATION

I hereby certify that the body of the foregoing letter pursuant to Fed. R. App. P. 28(j) contains 336 words according to the word-processing software used to prepare this Letter.

I certify that on April 9, 2026, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: April 9, 2026

/s/ Ari J. Savitzky
Ari J. Savitzky