

## KEN PAXTON

ATTORNEY GENERAL OF TEXAS

DANIEL M. ORTNER
Assistant Solicitor General

(512) 936-1896
Daniel. Ortner@oag.texas.gov

April 27, 2026

Via CM/ECF

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

**Re:** *La Union del Pueblo Entero v. Abbott*, **No. 25-50246—decision in** *United States v. Texas*, **No. 24-50149, 2026 WL 1122127 (5th Cir. 2026)**

Dear Mr. Cayce:

On April 24, this Court sitting En Banc issued a decision in *United States v. Texas*, No. 24-50149, 2026 WL 1122127 (5th Cir. 2026). In that appeal the Court dismissed a challenge to a Texas immigration law because it concluded that the plaintiffs lacked organizational standing under the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024).

Specifically, the plaintiffs in that case argued that they were injured because they were required to divert resources to provide legal services for their members that would be impacted by Texas's law. *United States v. Texas*, 2026 WL 1122127, at *4-5. The Court reiterated that this kind of "generalized grievance" would allow organizations to "manufacture Article III standing every time a new law or regulation goes into effect." *Id.* Because the organizations were "a complete stranger to the statute and its enforcement," *id.* at *4, they lacked Article III standing to challenge the law even if they chose to take steps "to understand the legal change, to adjust resources in response, or to increase the degree or scope of . . . representation for its current or prospective clients who may be adversely affected," *id.* at *5.

Like the plaintiffs in *United States v. Texas*, the Plaintiffs here argue that they have standing to challenge S.B.1's provisions because they chose to divert resources

Page 2

in order to train staff and voters on how to comply with the voter identification or assistance provisions. Appellee's Br. at 37, 41-42. But Plaintiffs are not regulated by these provisions of S.B.1 and indeed are "a complete stranger" to their "enforcement." Their voluntary decision to expend resources to train members on compliance cannot confer Article III standing. They therefore do not suffer a cognizable organizational injury that can give them standing to bring their claims against the voter identification or voter assistance provisions of S.B.1.

Respectfully submitted,

/s/ Daniel M. Ortner

DANIEL M. ORTNER
Assistant Solicitor General

cc: all counsel of record (via CM/ECF)