April 28, 2026

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

> Re: *Response to Rule 28(j) Letter in* La Unión del Pueblo v. Abbott*, No. 24-50246* re: United States v. Texas*, No. 24-50149, 2026 WL 1122127 (5th Cir. 2026) (en banc)*

Dear Mr. Cayce:

No aspect of this appeal turns on organizational standing.

The organizational plaintiffs are directly regulated by the implementation of the Assistance Restrictions criminalizing their mail ballot assistance activities (S.B.1 §§ 6.06 and 7.04) and accordingly have standing on that basis, as this Court has already held. *See LUPE v. Abbott* ("*LUPE III*"), 151 F.4th 273, 289-290 (5th Cir. 2025).

Plaintiffs have associational standing to challenge implementation of the Number-Matching Provisions (S.B.1 §§ 5.02, 5.03, 5.07) and the Oath-and-Assistance Provisions (S.B.1 §§ 6.03-6.05, 6.07) because of the injuries to their members. Appellees' Br. 34-37, 39-41. Prior appellate rulings arising out of this litigation establish that plaintiffs have standing to challenge implementation of the Number-Matching Provisions, which causes injuries traceable to the Secretary. *See United States v. Paxton*, 148 F.4th 335, 340 (5th Cir. 2025); *see also LUPE v. Nelson*, 163 F.4th 239, 261 (5th Cir. 2025). As for the Oath-and-Assistance Provisions, the District Court found that Plaintiffs' members are directly regulated by those provisions because they "require[e] them to represent their eligibility to potential assistors as a condition of their eligibility." ROA.40944; *see also* ROA40917-40919. The privacy and dignitary harm caused by this direct regulation was not addressed in *LUPE III*, *see* 151 F.4th at 286-288, and is an additional basis for associational standing here. *See also* Appellees' Br. 38-39.

And if it mattered, Appellees' alternative theories of organizational harm are consistent with the en banc Court's ruling in *United States v. Texas*. Plaintiff organizations represent and serve disabled Texans, and the specific S.B.1 provisions whose implementation is challenged here regulate elements of the voting process designated for use by disabled Texans, namely voting-by-mail and voting assistance.

1

Appellees' Br. 41-42. Plaintiff organizations thus are not "complete stranger[s] to the statute and its enforcement." *United States v. Texas*, No. 24-50149, 2026 WL 1122127, at *4 (5th Cir. Apr. 24, 2026). But in any case, the Court need not reach that issue to determine that the plaintiffs here have standing.

Respectfully Submitted,

/s/ Ari J. Savitzky

Victor Genecin
Kathryn Sadasivan
Breanna Williams
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
vgenecin@naacpldf.org
ksadasivan@naacpldf.org
bwilliams@naacpldf.org

Kelly Gardner
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
260 Peachtree Street NW, Suite 2300
Atlanta, GA 30303
(404) 590-0885
kgardner@naacpldf.org

Shira Wakschlag
Evan Monod
THE ARC OF THE
UNITED STATES, INC.
2000 Pennsylvania Ave NW,
Suite 500
Washington, DC 20006
(202) 534-3708
wakschlag@thearc.org
monod@thearc.org

J. Michael Showalter
Duncan Weinstein
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100

Ari Savitzky
Dayton Campbell-Harris
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 284-7334
asavitzky@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Brian Dimmick
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800
bdimmick@aclu.org
acepedaderieux@aclu.org

Thomas Paul Buser-Clancy
Ashley Alcantara Harris
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146
tbuser-clancy@aclutx.org
aharris@aclutx.org

Zachary Dolling
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive

2

Chicago, IL 60606
(312) 258-5561
j.michael.showalter@afslaw.com
duncan.weinstein@afslaw.com

Derek Ha
ARENTFOX SCHIFF LLP
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
(415) 757-5500
derek.ha@afslaw.com

Elissa Gershon
Megan A. Rusciano
CENTER FOR PUBLIC
REPRESENTATION
5 Ferry Street #314
Easthampton, MA 01027
(413) 586-6024
egershon@cpr-ma.org
mrusciano@cpr-ma.org

Leah J. Tulin
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 650-6397
tulinl@brennan.law.nyu.edu

Sean Morales-Doyle
Jasleen K. Singh
Patrick A. Berry
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
morales-doyles@brennan.law.nyu.edu
singhj@brennan.law.nyu.edu
berryp@brennan.law.nyu.edu

Austin, Texas 78741
(512) 474-5073
zachary@texascivilrightsproject.org

Peter Thomas Hofer
Christopher McGreal
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, TX 78758
(512) 454-4816
phofer@drtx.org
cmcgreal@drtx.org

Nina Perales
Antonio DelGrande
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476
nperales@maldef.org
adelgrande@maldef.org

Zachary Tripp
Aaron J. Curtis
WEIL, GOTSHAL &
MANGES, L.L.P.
767 5th Avenue
New York, NY 10153
(212) 310-8901
zack.tripp@weil.com
aaron.curtis@weil.com

*Counsel for Plaintiffs Appellees*

Cc: all counsel via ECF

## CERTIFICATION

I hereby certify that the body of the foregoing letter pursuant to Fed. R. App. P. 28(j) contains 327 words according to the word-processing software used to prepare this Letter.

I certify that on April 28, 2026, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: April 28, 2026

/s/ Ari J. Savitzky
Ari J. Savitzky